ABIR COHEN TREYZON SALO, LLP
Boris Treyzon, Esq. (S.B.N: 188893)
Yolanda M. Medina, Esq. (S.B.N: 222273)
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Telephone (310) 407-7888
Facsimile (310) 407-7915

Attorneys for Plaintiffs, WENDY LITTLEFIELD and DARRYL LITTLEFIELD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| WENDY LITTLEFIELD, an individual, and DARRYL LITTLEFIELD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>HOMELAND HOUSEWARES, L.L.C., a California Limited Liability Corporation;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. Negligence**<br>**2. Strict Products Liability**<br>**3. Breach of Expressed and Implied Warranties**<br><br>**DEMAND FOR JURY TRIAL** |

Come now Plaintiffs, WENDY LITTLEFIELD and DARRYL LITTLEFIELD, and hereby allege as follows:

**<u>PARTIES</u>**

1. Plaintiff WENDY LITTLEFIELD is an individual and a citizen/ resident of the State of Nevada.

2. Plaintiff DARRYL LITTLEFIELD is a citizen of the State of Nevada.

3. Plaintiffs WENDY LITTLEFIELD and DARRYL LITTLEFIELD at all times relevant herein were and continue to be husband and wife.

4. Defendant HOMELAND HOUSEWARES, LLC is a California Limited Liability Corporation with its principal office in Los Angeles, California.

5. Defendant HOMELAND HOUSEWARES, LLC manufactures and distributes the Magic Bullet, NutriBullet 900 Series, blending machine.

6. Defendant NUTRIBULLET, LLC is a California Limited Liability Corporation with its principal office in Pacoima, California. Defendant NUTRIBULLET, LLC is in the business of designing, marketing, selling and distributing the Magic Bullet, NutriBullet 900 Series, blending machine.

7. The true names, identities and capacities of those defendants designated as DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs, who sue said defendants by such fictitiously designated names. Plaintiffs are informed and believe and, on the basis thereof, allege that each of the Defendants designated herein as a DOE was a California resident and in some way was legally responsible for the events herein alleged. Plaintiff will seek leave of court to set forth the true names, identities and capacities of defendants designated as DOES 1 through 10, inclusive, when same has been ascertained.

8. Plaintiffs are informed and believe and on the basis thereof alleges that defendants and DOES 1 through 10, inclusive, and each of them were responsible for the design, manufacturing, development, research, testing, inspection, mass-production, advertisement, promotion, supply, distribution, sale, delivery and labeling of the Magic Bullet, NutriBullet 900 Series, blending machine.

/ / /

/ / /

/ / /

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. Section 1332(a)(2) because the parties are completely diverse and the amount in controversy exceeds the $75,000.00 minimum jurisdictional requirement, exclusive of costs and attorney's fees.

10. Venue is appropriate in this District pursuant to 28 U.S.C. Section 1391(b)(1), as all defendants named herein are residents of the State of California, in which this district is located.

## GENERAL ALLEGATIONS

11. Plaintiff WENDY LITTLEFIELD purchased defendants' Magic Bullet, NutriBullet 900 Series, blending machine in the normal stream of commerce (hereinafter referred to as "NutriBullet 900") with the consent and permission, implied or expressed, of each Defendant herein.

12. That on January 21, 2016, Plaintiff WENDY LITTLEFIELD attempted to use her NutriBullet 900, when it suddenly malfunctioned, causing severe injuries to Plaintiff WENDY LITTLEFIELD's right hand.

13. Specifically Plaintiff WENDY LITTLEFIELD attempted to use the NutriBullet 900 in the manner in which it was intended to be used by blending canned tomatoes and beans.

14. When WENDY LITTLEFIELD used the device, the machine exploded in her hands in a manner that the rapidly spinning blades chopped into her hand, causing severe nerve damage and lacerations.

## FIRST CLAIM FOR RELIEF

### Negligence

**(Plaintiff WENDY LITTLEFIELD as to all Defendants and DOES 1 – 10)**

15. Plaintiffs incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

16. At all times relevant to this action, Defendants and DOES 1 – 10, inclusive, had a duty to exercise reasonable care, and to comply with the existing standards of care, in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Magic Bullet, NutriBullet 900 Series, blending machine, which Defendants and DOES 1 – 10 introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable dangerous accidents while using the machine.

17. At all times relevant to this action, Defendants and DOES 1 – 10 had a duty to warn all consumers of the NutriBullet 900 of the risks, dangers, and suitable uses for the said machine.

18. At all relevant times, Defendants and DOES 1 – 10, knew or reasonably should have known that its NutriBullet 900 machines were unreasonably dangerous and defective when used for its intended use, including but not limited to the following particulars:

a) The NutriBullet 900 explodes upon using it for its intended use;
b) The NutriBullet 900 breaks when being used for its intended use, causing lacerations and other damages to consumers' hands.
c) That the warnings on the NutriBullet 900 are inadequate to alert the consumer of the dangers in using said machine.
d) That the warnings accompanying the NutriBullet 900's sales literature are inadequate to alert the consumer of the dangers in using said machine.
e) The NutriBullet 900, when used as intended, causes injuries to consumers using it.

19. At all relevant times Defendants and DOES 1 – 10 knew or reasonably should have known that the NutriBullet 900 was unreasonably dangerous and defective when used for its intended use.

20. The product defects alleged above were substantial factors contributing to the cause of injuries and damages suffered by Plaintiff WENDY LITTLEFIELD.

21. The injuries and damages suffered by Plaintiff WENDY LITTLEFIELD were the reasonably foreseeable results of Defendants' negligence.

22. As a direct and proximate cause of the negligence of Defendants' and DOES 1 – 10, inclusive, Plaintiff WENDY LITTLEFIELD suffered severe lacerations and nerve injuries to her right hand, suffers from the limited use of her hand, and is in severe pain, discomfort requiring surgeries for injuries and suffered severe emotional distress.

23. As a direct and proximate cause of the negligence of Defendants' and DOES 1 – 10, Plaintiff WENDY LITTLEFIELD incurred medical and hospital bills and will require future medical care for the injuries she sustained in an amount to be determined, and has suffered past loss of earning and earning capacity and future loss of earnings and earning capacity, in an amount to be determined.

24. Plaintiff WENDY LITTLEFIELD prays for all general damages and special damages as a result of the injuries she sustained from the NutriBullet 900.

## SECOND CLAIM FOR RELIEF

### Strict Products Liability

**(Plaintiff WENDY LITTLEFIELD as to all Defendants and DOES 1 -10)**

25. Plaintiffs incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

26. Plaintiff WENDY LITTLEFIELD is in the class of persons that Defendants and DOES 1 – 10, should reasonably foresee as being subject to harm caused by the defectively designed NutriBullet 900 machines, as Plaintiff WENDY LITTLEFIELD used said machine as it was intended to be used.

27. Defendants and DOES 1 - 10, who are engaged in the business of selling, manufacturing and supplying the NutriBullet 900 and placed it in the stream

of commerce in a defective and unreasonably dangerous condition such that foreseeable risks exceeded the benefits associated with the design of the product.

28. The NutriBullet 900 machine supplied to Plaintiff WENDY LITTLEFIELD was defective in design and manufacture and unreasonably dangerous when it left the hands of Defendants and DOES 1 – 10, and reached the user and consumer of the product, Plaintiff WENDY LITTLEFIELD, without any alteration in the condition in which it was sold.

29. The NutriBullet 900 machine manufactured and sold by Defendants, including its individual components, and DOES 1 - 10, were unreasonable and dangerously defective beyond the extent contemplated by ordinary users of the machine with ordinary knowledge.

30. The NutriBullet 900 machine was defective due to inadequate warning of the risks, dangers and prohibited uses of said machine.

31. The product defects alleged above were substantial factors in causing the injuries suffered by Plaintiff WENDY LITTLEFIELD to her hand.

32. As a direct and proximate cause of the negligence of Defendants' and DOES 1 – 10, inclusive, Plaintiff WENDY LITTLEFIELD suffered severe lacerations and nerve injuries to her right hand, the limited use of her hand, and is in severe pain, discomfort requiring surgeries for injuries and suffered severe emotional distress.

33. As a direct and proximate cause of the negligence of Defendants' and DOES 1 – 10, Plaintiff WENDY LITTLEFIELD incurred medical and hospital bills and will require future medical care for the injuries she sustained in an amount to be determined, and has suffered past loss of earning and earning capacity and future loss of earnings and earning capacity, in an amount to be determined.

34. Plaintiff WENDY LITTLEFIELD prays for all general damages and special damages as a result of the injuries she sustained from the NutriBullet 900.

## THIRD CLAIM FOR RELIEF

## Breach of Express and Implied Warranties and Warranty of Fitness for a Particular Purpose

**(Plaintiff WENDY LITTLEFIELD as to all Defendants and DOES 1-10)**

35. Plaintiffs incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

36. Plaintiffs are informed and believe that the NutriBullet 900 was conceived, designed, manufactured, developed, researched, tested, inspected, mass-produced, advertised, promoted, supplied, distributed, sold, delivered and labeled, Magic Bullet, NutriBullet 900 for retail sale by Defendants and DOES 1 – 10 and said Defendants and DOES 1 – 10, expressly and impliedly warranted to each owner and user and to all persons reasonably expected to be within the immediate vicinity of said product and its component parts during their use in an intended manner, including Plaintiff WENDY LITTLEFIELD, that said NutriBullet 900 and its component parts were reasonably fit and safe for use without inspection for defects and were of merchantable quality throughout.

37. Defendants and DOES 1 – 10 further implied and warranted that said NutriBullet 900 would be safe for a particular purpose of allowing a person to chop, blend and mix fruits and vegetables, safely under conditions reasonably foreseeable to be related to its use, including the incident described herein.

38. In reliance upon said warranties, Plaintiff WENDY LITTLEFIELD used the NutriBullet 900 in a manner in which it was reasonably intended to be used and as a direct and proximate result of the breach of said express and implied warranties by defendants, and each of them, Plaintiff sustained the injuries and damages described herein.

39. That as a direct and legal result of such breach of implied and express warranties, and the dangerous condition of the NutriBullet 900, as alleged herein,

Plaintiff WENDY LITTLEFIELD sustained injury and damage, some or all of which is permanent in nature when the NutriBullet 900 malfunctioned during use. That as a direct and legal result thereof, Plaintiff is entitled to compensatory and general damages for pain, suffering, and emotional distress and disfigurement, all in an amount to be determined at the time trial herein.

40. As a direct and proximate cause of the breach of implied and express warranties by Defendants' and DOES 1 – 10, inclusive, Plaintiff WENDY LITTLEFIELD suffered severe lacerations and nerve injuries to her right hand, the limited use of her hand, and is in severe pain, discomfort requiring surgeries for injuries and suffered severe emotional distress.

41. As a direct and proximate cause of the breach of implied and express warranties by Defendants' and DOES 1 – 10, Plaintiff WENDY LITTLEFIELD incurred medical and hospital bills and will require future medical care for the injuries she sustained in an amount to be determined, and has suffered past loss of earning and earning capacity and future loss of earnings and earning capacity, in an amount to be determined.

42. Plaintiff WENDY LITTLEFIELD prays for all general damages and special damages as a result of the injuries she sustained from the NutriBullet 900.

**FOURTH CLAIM FOR RELIEF**

**Loss of Consortium**

**(Plaintiff DARRYL LITTLEFIELD as to all Defendants and DOES 1 -10)**

43. Plaintiffs incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

44. Plaintiff DARRY LITTLEFIELD, was at all times relevant hereto, and now, the spouse of Plaintiff WENDY LITTLEFIELD.

45. Plaintiff DARRYL LITTLEFIELD has been caused, presently and in the future, to suffer the loss of his spouse's companionship, services and society and

the ability of Plaintiff DARRYL LITTLEFIELD has in those respects been impaired and depreciated, and the marital association between husband and wife has been altered.

46. That Plaintiff DARRYL LITTLEFIELD has lost the past and future reasonable value of household services provided by Plaintiff WENDY LITTLEFIELD to the marital household as result of her injuries as alleged herein.

47. That Plaintiff DARRYL LITTLEFIELD suffered mental anguish as a result of watching his spouse, WENDY LITTLEFIELD get injured in his general presence.

48. Plaintiff DARRYL LITTLEFIELD prays for all general damages and special damages as a result of his wife WENDY LITTLEFIELD's injuries as alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and DOES 1 -10, and each of them, for each cause of action, as follows:

1. For all special damages including, but not limited to, lost wages and future earning capacity, reimbursement of medical bills, and the reasonable value of the loss of household services.

2. For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish and mental suffering, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care and companionship;

3. For other and further special damages in a sum according to proof at the time of trial;

4. For other and further general damages in a sum according to proof at the time of trial;

5. For costs of suit incurred herein;

6. For such other and further relief as the court deems just and proper.

Dated: September 14, 2016 **TREYZON & ASSOCIATES, LLP**

By: **/s/ Boris Treyzon**
Boris Treyzon, Esq.
Yolanda M. Medina, Esq.
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff WENDY LITTLEFIELD AND DARRYL LITTLEFIELD hereby demand a trial by jury on all causes of action.

DATED: September 14, 2016 **TREYZON & ASSOCIATES, LLP**

By: **/s/ Boris Treyzon**
Boris Treyzon, Esq.
Yolanda M. Medina, Esq.
Attorney for Plaintiffs