1 | **ACKER & WHIPPLE**
A Professional Corporation
Bradley C. Childers, SBN: 143343
Stephen Acker, SBN: 64996
Leslie Anne Burnet, SBN: 134719
Alana C. Martinez, SBN: 305827
811 Wilshire Boulevard, Suite 700
Los Angeles, California 90017
Phone:      (213) 347-0240
Fax:        (213) 623-1957
Email: bradchilders@AckerandWhipple.com
       stephenacker@ackerandwhipple.com
       leslieburnet@ackerandwhipple.com
Attorneys for Defendant, NUTRIBULLET, L.L.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| WENDY LITTLEFIELD, an individual, and DARRYL LITTLEFIELD, an individual, | CASE NO.: 2:16-cv-06894-MWF-SS |
|---|---|
| Plaintiffs, | Assigned to District Judge Michael W. Fitzgerald; Magistrate Judge Suzanne S. Segal |
| vs. | DEFENDANT'S EX PARTE APPLICATION TO QUASH SUBPOENAS ON J.P. MORGAN CHASE BANK NA, CHASE BANK USA NA, AND J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION AND FOR MONETARY SANCTIONS IN THE AMOUNT OF $796.50 AGAINST PLAINTIFF'S COUNSEL |
| NUTRIBULLET, L.L.C., a California limited Liability Corporation, | |
| Defendants. | [*Filed concurrently with Declaration of Bradly P. Childers*] |
| | Date:  December 29, 2017
Complaint Filed:   2/09/2016
Discovery Cut off: 1/5/2018
Pretrial Conf.:    4/30/2018
Trial Date:        5/15/2018 |

1.

DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION, ETC.

**TO THE U.S. DISTRICT COURT, ALL PARTIES AND COUNSEL OF RECORD:**

Defendant, NutriBullet, LLC, applies, *ex parte*, for an order quashing service of subpoenas on a nonparty, Capital Brands LLC, or in the alternative, for an order shortening time for hearing of such a motion. Defendant makes this application pursuant to Federal Rule of Civil Procedure 45 and Local Rule 6-1. Although defense counsel attempted to meet and confer pursuant to Local Rule 7–3, such was not possible as plaintiffs' counsel office was closed December 29th, and given the time constraints necessary to bring the motion, and as will be demonstrated by the motion, the failure to meet and confer is justified by the particular conduct necessitating the instant application.

This motion is made on the grounds that good cause exists to quash the subpoenas for financial records of a nonparty to this action, and further, that monetary sanctions, in the amount of $796.50 as itemized in the concurrently filed Declaration of Bradley P. Childers at 4:7-13, be imposed against the plaintiffs' counsel for the costs associated with filing the instant motion.

A regularly noticed motion is not possible as plaintiffs served the subpoenas for business records on December 27, 2017, and the subpoenas command the production of financial information, including electronically stored information, on January 4, 2018.

This application is based upon the memorandum of points and authorities, and the Declaration of Bradley P. Childers filed herewith, upon the pleadings on file herein, and upon such other oral or documentary evidence as may be presented to the court in the event there is a hearing on the application.

///

///

2.

DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION, ETC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

This personal injury action arises out of an incident occurring on January 21, 2016 while plaintiff Wendy Littlefield was using a NutriBullet 900. The only defendant in this action is NutriBullet LLC. While plaintiffs have recently attempted to add additional defendants to this action, including Capital Brands, LLC, they have done so without leave of court and in violation of the court's scheduling order. Judge Fitzgerald's November 20, 2017 Order granting the ex parte application of defendant NutriBullet to amend the scheduling order states that the last day to hear motions to amend pleadings or to add parties is December 4, 2017. (Exhibit 1, p. 2). Judge Fitzgerald's Order also provides that the non-expert discovery cutoff deadline is January 5, 2018 (Exhibit 1, p. 2). Plaintiffs did not file a motion to add new parties to this case prior to the December 4, 2017 deadline but instead on December 21, 2017, had summonses issued, naming new Doe defendants, Capital Brands, LLC, and Call to Action LLC and Homeland Housewares (Exhibits 2, 3, and 4), in violation of the Order.

It is unclear, at this point, if plaintiff's counsel has effected service on these new parties however, the addition of such new parties without leave of court, two weeks prior to the close of non-expert discovery is clearly improper.

On December 27, 2017, plaintiffs served two subpoenas seeking the same information, financial information of Capital Brands LLC, on J.P. Morgan Chase Bank NA and Chase Bank USA NA via substitute service on CT Corporation and specifying the date of production as January 4, 2018 (Exhibits 5 and 6). The subpoenas are improper and defective for a number of procedural reasons, justifying that they be quashed in the first instance without a hearing.

///

3.

DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION, ETC.

## II. LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 45, provides in pertinent part as follows:

(d)(3) Quashing or modifying a subpoena

(a) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

## III. ARGUMENT

### A. Plaintiffs' Subpoenas Are Defective

Plaintiffs' subpoenas seeking financial records of a nonparty from that non-party's banks, are defective and improper in the following respects:

1) Personal service of the subpoenas was not affected (*FTC v. Compagnie De Saint-Gobain-Pont-a-Mousson* (DC Cir. 1980) 636 F2d 1300, 1312-1313. Rather, the subpoenas were served via facsimile (Ex 5, 6 at P.2) a method which was specifically disapproved of in *Firefighters Institute for Racial Equality ex rel Anderson v. City of St. Louis* (8th Cir. 2000) 220 F3d 898, 903;

2) The subpoenas were improperly served via substitute service upon CT Corporation (Ex. 5,6 P.1), a method which was held

4.

DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION, ETC.

not to constitute valid service in *Doe v. Hersemann* (ND IN 1994) 155 FRD 630, at 630;

3)  Neither defense counsel nor Capital Brands LLC was given advance notice of the subpoenas prior to their service as required by *Butler v. Biocore Medical Technologies Inc.* (10th Cir. 2003) 348 F3d 1163,1173. Rather, plaintiffs' counsel merely served copies of the subpoenas via overnight mail concurrently with their service upon CT Corporation. Nor were defense counsel or Capital Brands given any notice of the subpoenas as required by F.R.C.P.45(a)(4);

4)  A reasonable amount of time, usually considered to be 10 days, between the time of service of the subpoena and the date set for compliance was not given. Here, plaintiffs served the subpoenas, via substitute service, which would result in additional delay, on December 27, 2017, specifying the date of production as January 4, 2017, a period of eight days including the New Year's holiday. Under FRCP 45 (d)(3)(a)(i), quashing a subpoena which fails to allow a reasonable time for compliance is mandatory. Defendant scarcely had time to prepare the instant application prior to the date of production;

5)  The subpoenas themselves seek the financial information of Capital Brands LLC *who is not a party to this action*, from Capital Brands LLC's banks. Such a request for a nonparty's

5.

DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION, ETC.

personal financial information is clearly improper and an invasion of privacy. The subpoenas would require the production of a nonparty's private financial information which has no relevance to the instant action. Under F.R.C.P. 45(d)(3)(a)(iii) and (iv) quashing of a subpoena is mandatory if it would require the disclosure of privileged or other protected matter or subject a person to undue burden. Under Rule 26(b)(1) a subpoena may command the production of only relevant information.

6) It is clear plaintiffs' counsel did not act diligently in bringing Capital Brands into this action and has now served improper subpoenas on this nonparty, which has required the instant application and should now subject counsel to monetary sanctions.

## IV. DEFENDANT REQUESTS MONETARY SANCTIONS AGAINST PLAINTIFF'S COUNSEL

As set forth in the declaration of Bradley P. Childers, defendant requests monetary sanctions in the amount of $796.50 be imposed against plaintiffs' counsel. In addition to quashing a subpoena, a court may impose appropriate sanctions which may include reasonable attorney's fees upon a party or that party's attorney who imposes an undue burden or expense on a subpoenaed person F.R.C.P. 45(d)(1) *Mattel, Inc., v. Walking Mountain Productions* (9th Cir. 2003) 353 F3d 792, 814.

Under the facts presented in this application, it is clear that plaintiffs' counsel served an improper, ill-conceived, last-minute subpoena attempting to

6.

DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION, ETC.

obtain financial information of a nonparty one day before the expiration of the non-expert discovery deadline.  Defense counsel first saw the subpoenas on the morning of the December 29th (Childers Decl. 2:9-14) and, while working on a brief related to a law and motion matter in this case, called the offices of plaintiffs' counsel in an attempt to meet and confer but plaintiffs' counsel's office was closed. Thereafter, counsel sent a meet and confer email to plaintiffs' counsel (Ex. 7) providing ex parte notice which, as of the preparation of this application, has not been responded to by counsel.

## V. **CONCLUSION**

Defendant respectfully requests this court quash the subpoenas directed at nonparty Capital Brands Inc., and order monetary sanctions be imposed, in the amount of $796.50, as itemized in the Declaration of Bradley P Childers at page 4, paragraph 13, against counsel for plaintiffs for the costs associated with this motion.

DATED:  December 29, 2017         ACKER & WHIPPLE
                                  A Professional Corporation


                                  By: _____
                                      BRADLEY P. CHILDERS
                                      STEPHEN ACKER
                                      LESLIE ANNE BURNET
                                      ALANA C. MARTINEZ
                                      Attorneys for Defendant,
                                      NUTRIBULLET, L.L.C.

7.

DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION, ETC.

# CERTIFICATE OF SERVICE
## (FEDERAL RULES OF CIVIL PROCEDURE, RULE 5)

STATE OF CALIFORNIA ) 
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 811 Wilshire Boulevard, Suite 700, Los Angeles, California 90017.

On **December 29, 2017**, I served on the parties of record in this action the foregoing document described as **DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION AND FOR MONETARY SANCTIONS IN THE AMOUNT OF $796.50 AGAINST PLAINTIFF'S COUNSEL** addressed as follows:

**SEE ATTACHED SERVICE LIST.**

[X]  **ELECTRONIC FILING & SERVICE [FRCivP 5(b)(2)(E)]** I electronically filed the document(s) with the Clerk of the court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the Case who are not registered CM/ECF users will be served by mail or by other means permitted by court rules.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 29, 2017**, at Los Angeles, California.

_____
VERONICA CAIRE

8.

DEFENDANTS EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION, ETC.

BRADLEY P. CHILDERS
STEPHEN ACKER
LESLIE BURNET
ALANA MARTINEZ
ACKER & WHIPPLE
811 Wilshire Blvd., Suite 700
Los Angeles, California 90017
(213) 347-0240
Fax (213) 623-1957

| **COURT INFORMATION** |
|---|
| COURT : United States District Court, Western Division |
| CASE NO. :  2:16-CV-06894-MWF-SS |
| JUDGE : Judge Michael W. Fitzgerald; Magistrate Judge Suzanne S. Segal |
| OUR FILE NO. : 3354 |

*(Littlefield v. Nutribullet, et al.)*

## SERVICE LIST

| | |
|---|---|
| Derek Chaiken<br>Boris Treyzon<br>Aaron Lavine<br>Douglas A. Rochen<br>ABIR COHEN TREYZON SALO LLP<br>1901 Avenue of the Stars, Suite 935<br>Los Angeles, CA  90067 | Attorneys for Defendant, DARRYL LITTLEFIELD<br>Tel:    424-288-4367<br>Fax:    424-288-4368<br>drochen@actslaw.com<br>dchaiken@actslaw.com<br>btreyzon@actslaw.com<br>alavine@actslaw.com |