**ACKER & WHIPPLE**
A Professional Corporation
Bradley C. Childers, SBN: 143343
Stephen Acker, SBN: 64996
Leslie Anne Burnet, SBN: 134719
Alana C. Martinez, SBN: 305827
811 Wilshire Boulevard, Suite 700
Los Angeles, California 90017
Phone:      (213) 347-0240
Fax:         (213) 623-1957
Email:bradchilders@AckerandWhipple.com
        stephenacker@ackerandwhipple.com
        leslieburnet@ackerandwhipple.com
        alanamartinez@ackerandwhipple.com

Attorneys for Defendant, NUTRIBULLET, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WENDY LITTLEFIELD, an individual, and DARRYL LITTLEFIELD, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> NUTRIBULLET, L.L.C., a California limited Liability Corporation, <br><br> Defendants. | CASE NO.: 2:16-cv-06894-MWF-SS <br> Assigned to District Judge Michael W. Fitzgerald; Magistrate Judge Suzanne S. Segal <br><br> DECLARATION OF BRADLEY CHILDERS IN SUPPORT OF NUTRIBULLET'S EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION AND FOR MONETARY SANCTIONS IN THE AMOUNT OF $796.50 AGAINST PLAINTIFFS' COUNSEL <br> [*Filed concurrently with Ex Parte*] <br><br> Date:  December 29, 2017 <br><br> Complaint Filed:    2/09/2016 <br> Discovery Cut off: 1/5/2018 <br> Pretrial Conf.:       4/30/2018 <br> Trial Date:           5/15/2018 |

1.

DECLARATION OF BRADLEY P. CHILDERS IN SUPPORT OF NUTRIBULLET'S EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION

# DECLARATION OF BRADLEY P. CHILDERS

I, BRADLEY P. CHILDERS, hereby declare and state as follows:

1.      I am an attorney duly licensed to practice law before all the courts of the State of California, and an associate of Acker & Whipple, APC, attorneys of record for Defendant, NUTRIBULLET, L.L.C, in the pending action.

2.      The information contained herein is known to me personally to be true except where stated upon information and belief, in which case I believe such information to be true and correct.

3.      On December 29, 2017, I first became aware, by looking through the new paperwork placed on my desk, that plaintiff's counsel had served subpoenas for the financial information of Capital Brands LLC, who is not a party to this action, upon Capital Brands LLCs banks, J.P. Morgan Chase Bank N.A. and Chase Bank USA N.A. through substitute service with CT Corporation.

4.      On December 29, 2017 at approximately 11:00 a.m. I telephoned the Abir, Cohen, Treyzon & Salo LLP, counsel of record for plaintiffs in this action to meet and confer regarding the subpoenas.  Apparently, their office was closed as a live receptionist did not answer the phone and I received only a recording.

5.      On December 29, 2017 at 11:17 a.m. I sent an email to plaintiffs' counsel Derek Chaiken (Ex. 7) advising him that I was seeking to meet and confer regarding the subpoenas but that I would be proceeding forward with an *ex parte* application to quash the subpoenas, which were served on December 27, 2017 and received in our office on December 28, 2017 and specified a date for the production of records as January 4, 2018.  Due to the lack of time, defendant would have to file its motion for a protective order forthwith. In this email I provided Mr. Chaiken with formal *ex parte* notice and also advised him of Judge Fitzgerald's rule that any opposition to the *ex parte* was required to be filed within 24 hours or one court day from service of the moving papers. I also asked Mr.

2.

DECLARATION OF BRADLEY P. CHILDERS IN SUPPORT OF NUTRIBULLET'S EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION

Chaiken to call me immediately. As of the preparation of this application, Mr. Chaiken has not returned my call. Due to the grossly improper nature of the subpoenas, which are merely harassing, and the lack of sufficient time to meet and confer, I believe that formal compliance with local rule 7–3 can be excused in this instance.

6. Attached hereto as Exhibit 1 is a true and correct copy of Judge Fitzgerald's November 20, 2017 Order on defendant NutriBullet's *ex parte* application to amend the scheduling order, granting the application, and setting the last date to hear motions to amend pleadings or to add parties, as December 4, 2017.

7. Attached hereto as Exhibit 2 is a true and correct copy of the plaintiffs' December 21, 2017 summons seeking to add Capital Brands LLC as Doe number one to this action, which was done without leave of court and in violation of Judge Fitzgerald's November 20, 2017 Order amending the scheduling order.

8. Attached hereto as Exhibit 3 is a true and correct copy of plaintiff's December 21, 2017 summons seeking to add Homeland Housewares LLC as Doe number two to this action, which was done without leave of court and in violation of Judge Fitzgerald's November 20, 2017 Order amending the scheduling order.

9. Attached hereto as Exhibit 4 is a true and correct copy of plaintiff's December 21, 2017 summons seeking to add Call to Action as Doe number three to this action, which was done without leave of court and in violation of Judge Fitzgerald's November 20, 2017 Order amending the scheduling order.

10. Attached hereto as Exhibit 5 is a true and correct copy of the plaintiff's subpoena, directed to Chase Bank USA, NA, seeking all financial information of Capital Brands LLC, who is not a party to this action.

3.

DECLARATION OF BRADLEY P. CHILDERS IN SUPPORT OF NUTRIBULLET'S EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION

11.    Attached hereto as Exhibit 6 is a true and correct copy of plaintiff's subpoena, directed to J.P. Morgan Chase Bank NA, seeking all financial information of Capital Brands LLC, who is not a party to this action.

12.    Attached hereto as Exhibit 7 is a true and correct copy of my December 29, 2017 email providing notice of the instant ex parte application and requesting plaintiff immediately call me to discuss.

13.    I have spent a total of 3.5 hours in the preparation of this motion to quash, and expect to spend another hour in the review of Plaintiffs' opposition, the preparation of a reply, if any, and appearance at a hearing on this application.  My hourly billing rate on this case is $177.00.  Defendant therefore requests monetary sanctions of $796.50 be imposed on plaintiff's counsel for their bad faith conduct, violation of Judge Fitzgerald's scheduling order, and the improper subpoenas directed to a nonparty, which was done merely to harass Capital Brands. LLC.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 29th day of December, 2017, at Los Angeles, California.

_____
Bradley P. Childers, Declarant

DECLARATION OF BRADLEY P. CHILDERS IN SUPPORT OF NUTRIBULLET'S EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-6894-MWF (SSx)          **Date:** November 20, 2017
**Title:**    Wendy Littlefield, et al. v. Nutribullet, L.L.C.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**    ORDER RE EX PARTE APPLICATION OF
DEFENDANT NUTRIBULLET, L.L.C. TO AMEND
SCHEDULING ORDER OR IN THE
ALTERNATIVE TO SHORTEN THE TIME FOR
HEARING ON MOTION FOR SAME [89]

Before the Court is the Ex Parte Application of Defendant Nutribullet, L.L.C. to Amend the Scheduling Order or in the Alternative to Shorten Time for Hearing on Motion for Same, filed on November 14, 2017. ("Defendant's Application") (Docket No. 89). On November 15, 2017, Plaintiffs filed an Opposition. (Docket No. 93). The Court held a telephonic status conference regarding Defendant's Application on November 16, 2017.

On November 6, 2017, nine days before the previous deadline for the completion of non-expert discovery, Plaintiffs filed an Ex Parte Application to Amend the Scheduling Order ("Plaintiffs' Application") (Docket No. 79), through which they sought a continuance of various discovery deadlines. In connection with Plaintiffs' Application, Plaintiffs filed a proposed order, which included proposed new deadlines for the completion of various phases of discovery. On November 8, 2017, Defendant having failed to oppose or otherwise respond to Plaintiffs' Application, the Court adopted, in part, Plaintiffs' proposed order. (the "November 8 Order") (Docket No. 82).

After the November 8 Order was issued, Defendant's counsel called the Deputy Clerk to request that the new deadlines set forth in the November 8 Order apply

---

CIVIL MINUTES—GENERAL                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-16-6894-MWF (SSx)                    **Date:  November 20, 2017**
Title:      Wendy Littlefield, et al. v. Nutribullet, L.L.C.

mutually to Plaintiffs and Defendant.  Through Defendant's Application, Defendant requests the same deadlines.  Upon closer inspection, the Court has concluded the new deadlines set forth in the Plaintiffs' proposed order and the November 8 Order are not workable.  Accordingly, the Court **VACATES** the November 8 Order.

Plaintiffs' Application and Defendants' Application are both **GRANTED** insofar as the following deadlines / dates are adjusted as follows:

- Last date to hear motions to amend pleadings or to add parties: 12/4/17

- Non-expert discovery cut-off: 1/5/18

- Expert disclosure: 1/10/18

- Rebuttal expert disclosure: 1/15/18

- Expert discovery cut-off: 2/2/18

- Last date to hear discovery motions: 2/5/18

- Last day to hear dispositive motions:  3/5/18

- Last day to conduct ADR proceeding: 3/19/18

- File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine: 4/9/18

- Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict forms, statement regarding Disputed Instructions and Verdict Forms, and Oppositions to Motions in Limine:  4/16/18

- Final Pretrial Conference and hearing on Motions in Limine: 4/30/18

- Jury Trial: 5/15/18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV-16-6894-MWF (SSx)**        **Date:  November 20, 2017**
Title:      Wendy Littlefield, et al. v. Nutribullet, L.L.C.

As the Court ordered during the November 16 telephone conference, the parties may only seek to compel the production of documents that they had already requested and/or the answering of interrogatories they had already propounded prior to the previous November 15, 2017 non-expert discovery deadline.  Additionally, Defendant is limited to conducting the following depositions / examinations (subject to Plaintiffs' objections, if any, which shall be raised with the Magistrate Judge):

- Medical examination of Wendy Littlefield;

- Deposition of Darryl Littlefield; and

- Deposition of two witnesses identified in Plaintiffs' initial disclosures.

As stated at the status conference, the Court expects counsel for Plaintiffs to discuss in good faith which of the identified witnesses will in fact testify.

IT IS SO ORDERED.

---

# EXHIBIT "2"

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| WENDY LITTLEFIELD, an individual and DARRYL LITTLEFIELD, an indivudal<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>NUTRIBULLET, L.L.C., a California Limited Liability Corporation<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 2:16-cv 06894 MWF SSx

## SUMMONS IN A CIVIL ACTION ON THIRD AMENDED COMPLAINT

To: *(Defendant's name and address)*  Capital Brands, LLC (Doe 1)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    ABIR COHEN TREYZON SALO LLP
Boris Treyzon, Esq. (S.B.N: 188893)
Yolanda M. Medina, Esq. (S.B.N: 222273)
1901 Avenue of the Stars, Suite 935
Los Angeles, CA  90067
Telephone (310) 407-7888

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Kiry Gray
*CLERK OF COURT*

Date:  _____12/21/2017_____                    _____*Jennylam*_____
*Signature of Clerk or Deputy Clerk*

Case 2:16-cv-06894-DDP-SS   Document 143-1   Filed 12/29/17   Page 11 of 33   Page
ID #:2168
Case 2:16-cv-06894-MWF-SS   Document 134   Filed 12/21/17   Page 2 of 2   Page ID #:1895

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT "3"

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| WENDY LITTLEFIELD, an individual and DARRYL LITTLEFIELD, an indivudal  )<br><br>  )<br>  )<br>  )<br>  )<br>―――――――――――――――――――――――――――――  )<br>*Plaintiff(s)*  )<br>v.  )<br>  )<br>NUTRIBULLET, L.L.C., a California Limited Liability Corporation  )<br>  )<br>  )<br>――――――――――――――――――――――――――――  )<br>*Defendant(s)*  ) | Civil Action No.: 2:16-cv 06894 MWF SSx |

## SUMMONS IN A CIVIL ACTION ON THIRD AMENDED COMPLAINT

To: *(Defendant's name and address)*  Homeland Housewares, LLC (Doe 2)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   ABIR COHEN TREYZON SALO LLP
Boris Treyzon, Esq. (S.B.N: 188893)
Yolanda M. Medina, Esq. (S.B.N: 222273)
1901 Avenue of the Stars, Suite 935
Los Angeles, CA  90067
Telephone (310) 407-7888

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Kiry Gray
*CLERK OF COURT*

Date:     12/21/2017

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                    .

❐ I personally served the summons on the individual at *(place)*

_____                    on *(date)*                    ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____  , a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)*                                        , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____                    on *(date)*                    ; or

❐ I returned the summons unexecuted because                                        ; or

❐ Other *(specify):*


My fees are $                for travel and $                for services, for a total of $      0.00      .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT "4"

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| WENDY LITTLEFIELD, an individual and DARRYL LITTLEFIELD, an indivudal | ) ) ) ) ) | |
| _Plaintiff(s)_ | ) ) | Civil Action No.: 2:16-cv 06894 MWF SSx |
| v. | ) | |
| NUTRIBULLET, L.L.C., a California Limited Liability Corporation | ) ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION ON THIRD AMENDED COMPLAINT

To: _(Defendant's name and address)_  Call to Action, LLC (Doe 3)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   ABIR COHEN TREYZON SALO LLP
Boris Treyzon, Esq. (S.B.N: 188893)
Yolanda M. Medina, Esq. (S.B.N: 222273)
1901 Avenue of the Stars, Suite 935
Los Angeles, CA  90067
Telephone (310) 407-7888

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Kiry Gray
_CLERK OF COURT_

Date:  _____12/21/2017_____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____ _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT "5"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Wendy Littlefield, et al., | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   2:16-cv-06894 MWF (SS) |
| Homeland Housewares, L.L.C., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                           Chase Bank USA, NA

In c/o CT Corporation System, 818 West Seventh Street, Ste. 930, Los Angeles, California 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All bank records for Capital Brands, L.L.C. including all lines of credit, loans, other instruments of indebtedness, and related documents including all applications; all financial statements related documents, including loss statements, balance sheets and cash flow statements.

| Place: Nationwide Legal (877) 326-2679 | Date and Time: |
|---|---|
| 1609 James M. Wood Blvd., Los Angeles, CA 90015 | 01/04/2018 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/27/2017

*CLERK OF COURT*

                              OR

_____           _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     **Plaintiff,**
Wendy Littlefield, et al.                                  , who issues or requests this subpoena, are:

Derek Chaiken, Esq., Abir Cohen Treyzon Salo, LLP, 1901 Ave. of the Stars, Ste. 935, LA, CA 90067, (424) 288-4367

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:16-cv-06894 MWF (SS)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Chase Bank USA, NA

on *(date)*     12/27/2017      .

☑ I served the subpoena by delivering a copy to the named person as follows:

Cynthia Lovelace c/o Chase Bank USA, NA

via Fascimile _____     on *(date)*     12/27/2017     ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:     12/27/2017

_____
Server's signature

Elizabeth Isusquiza

*Printed name and title*
Paralegal to Plaintiffs
1901 Avenue of the Stars, Suite 935
Los Angeles, California 90067

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**      )
**COUNTY OF LOS ANGELES**    )    **ss:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067.

On December 27, 2017, I served the foregoing document described as:

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Bradley Childers, Esq.<br>Stephen Acker, Esq.<br>Acker & Whipple, APC<br>811 Wilshire Blvd., Ste. 700<br>Los Angeles, California 90017<br>T: (213) 347-0240<br>BradChilders@AckerandWhipple.com | *Attorneys for Defendants* |

☐   **BY MAIL:** By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☒   **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:** I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐   **BY PERSONAL SERVICE, VIA FIRST LEGAL ATTORNEY SERVICE:** I gave said documents to the firm's regular attorney service with specific instructions to be personally delivered by hand to the offices of the addressee, addressed as set forth above.

☐   **BY PERSONAL SERVICE (*Ex Parte*):** I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department ____ of the _____ Courthouse, _____, California.

☐   **BY ELECTRONIC MAIL BY AGREEMENT:** Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐   **BY FACSIMILE:** I faxed said document(s) to the addressee, at the specified fax numbers shown above.

1

1

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

2

3

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4

5

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

6

7

Executed on December 27, 2017, at Los Angeles, California.

8

9

10

Elizabeth Isusquiza

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

# EXHIBIT "6"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Wendy Littlefield, et al., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  2:16-cv-06894 MWF (SS) |
| Homeland Housewares, L.L.C., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                J.P. Morgan Chase Bank, NA
     In c/o CT Corporation System, 818 West Seventh Street, Ste. 930, Los Angeles, California 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All bank records for Capital Brands, L.L.C. including all lines of credit, loans, other instruments of indebtedness, and related documents including all applications; all financial statements related documents, including loss statements, balance sheets and cash flow statements.

| Place: Nationwide Legal (877) 326-2679 | Date and Time: |
|---|---|
| 1609 James M. Wood Blvd., Los Angeles, CA 90015 | 01/04/2018 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/27/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiff,
Wendy Littlefield, et al.                                              , who issues or requests this subpoena, are:

Derek Chaiken, Esq., Abir Cohen Treyzon Salo, LLP, 1901 Ave. of the Stars, Ste. 935, LA, CA 90067, (424) 288-4367

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:16-cv-06894 MWF (SS)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  JP Morgan Chase Bank, NA

on *(date)*      12/27/2017      .

☑ I served the subpoena by delivering a copy to the named person as follows:

Cynthia Lovelace c/o JP Morgan Chase Bank, NA

via Fascimile                                            on *(date)*      12/27/2017      ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                          .

My fees are $                    for travel and $                    for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:      12/27/2017                          _____
                                              *Server's signature*

                                              Elizabeth Isusquiza
                                              *Printed name and title*
                                              Paralegal to Plaintiffs
                                              1901 Avenue of the Stars, Suite 935
                                              Los Angeles, California 90067

                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1

2

## PROOF OF SERVICE

3    **STATE OF CALIFORNIA**          )
     **COUNTY OF LOS ANGELES**      )    ss:

4

5    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067.

6

7    On December 27, 2017, I served the foregoing document described as:

8    ## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

9

10   on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

11

| | |
|---|---|
| Bradley Childers, Esq. | |
| Stephen Acker, Esq. | |
| Acker & Whipple, APC | *Attorneys for Defendants* |
| 811 Wilshire Blvd., Ste. 700 | |
| Los Angeles, California 90017 | |
| T: (213) 347-0240 | |
| BradChilders@AckerandWhipple.com | |

16   ☐  **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

18   ☒  **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:** I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

20   ☐  **BY PERSONAL SERVICE, VIA FIRST LEGAL ATTORNEY SERVICE:**  I gave said documents to the firm's regular attorney service with specific instructions to be personally delivered by hand to the offices of the addressee, addressed as set forth above.

23   ☐  **BY PERSONAL SERVICE (*Ex Parte*):**  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department ____ of the _____Courthouse, _____, California.

26   ☐  **BY ELECTRONIC MAIL BY AGREEMENT:** Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

27   ☐  **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers shown above.

1

1    ☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said
2    document(s) to the person(s) shown above by electronic mail to the email address shown above.

3    ☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct.
4
     ☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose
5    direction the service was made.
6
7    Executed on December 27, 2017, at Los Angeles, California.
8
9
10   Elizabeth Isusquiza
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

# EXHIBIT "7"

## Brad Childers

| | |
|---|---|
| **From:** | Brad Childers |
| **Sent:** | Friday, December 29, 2017 11:17 AM |
| **To:** | dchaiken@actslaw.com; 'Aaron Lavine'; Doug Rochen (drochen@actslaw.com); btreyzon@actslaw.com |
| **Cc:** | SKanazawa@mcguirewoods.com; Stephen Acker; Leslie Anne Burnet; Alana C. Martinez |
| **Subject:** | Littlefield Ex Parte Notice 3354 |

Hi Derek,

I called your office but I guess it is closed today as I was only able to get a recording.
I just saw plaintiffs' two subpoenas for Capital Brands financial information.
I was hoping to meet and confer with you regarding the subpoenas but there is not sufficient time before a motion must be filed .

Please allow this email to constitute notice that defendant intends to apply, ex parte, for an order quashing the subpoenas in the first instance, or in the alternative shortening time for hearing on the motion and for monetary sanctions.
Pursuant to Judge Fitzgerald's rules, any opposition to defendant's ex parte application must be filed within 24 hours, or one court day, from service of the moving papers.

Please call me immediately to discuss, but I cannot wait to file the motion as the date of production is specified January 4th, and our office only received the subpoenas yesterday.

Finally, I am somewhat confused. We received two separate subpoenas for the identical information. Can you please explain why?

Thank you

**Bradley P. Childers**
ACKER & WHIPPLE
811 Wilshire Boulevard, Suite 700
Los Angeles, CA 90017
T: (213) 347-0240 ext. 149
F: (213) 623-1957
BradChilders@AckerandWhipple.com

## CERTIFICATE OF SERVICE
### (Federal Rules of Civil Procedure, Rule 5)

STATE OF CALIFORNIA      )
                              ) ss.
COUNTY OF LOS ANGELES )

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 811 Wilshire Boulevard, Suite 700, Los Angeles, California 90017.

        On **December 29, 2017**, I served on the parties of record in this action the foregoing document described as **DECLARATION OF BRADLEY P. CHILDERS IN SUPPORT OF NUTRIBULLET'S *EX PARTE* APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION AND FOR MONETARY SANCTIONS IN THE AMOUNT OF $796.50 AGAINST PLAINTIFF'S COUNSEL** addressed as follows:

### SEE ATTACHED SERVICE LIST.

[X]     **ELECTRONIC FILING & SERVICE [FRCivP 5(b)(2)(E)]** I electronically filed the document(s) with the Clerk of the court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the Case who are not registered CM/ECF users will be served by mail or by other means permitted by court rules.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

        Executed on **December 29, 2017**, at Los Angeles, California.

                         _____
                         VERONICA CAIRE

5.

DECLARATION OF BRADLEY P. CHILDERS IN SUPPORT OF NUTRIBULLET'S EX PARTE APPLICATION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME TO HEAR SUCH A MOTION

BRADLEY P. CHILDERS
STEPHEN ACKER
LESLIE BURNET
ALANA MARTINEZ
ACKER & WHIPPLE
811 Wilshire Blvd., Suite 700
Los Angeles, California 90017
(213) 347-0240
Fax (213) 623-1957

| COURT INFORMATION |
|---|

| COURT | : United States District Court, Western Division |
|---|---|
| CASE NO. | : 2:16-CV-06894-MWF-SS |
| JUDGE | : Judge Michael W. Fitzgerald; Magistrate Judge Suzanne S. Segal |
| OUR FILE NO. | : 3354 |

*(Littlefield v. Nutribullet, et al.)*

**SERVICE LIST**

| Derek Chaiken<br>Boris Treyzon<br>Aaron Lavine<br>Douglas A. Rochen<br>ABIR COHEN TREYZON SALO LLP<br>1901 Avenue of the Stars, Suite 935<br>Los Angeles, CA 90067 | Attorneys for Defendant, DARRYL LITTLEFIELD<br>Tel:    424-288-4367<br>Fax:    424-288-4368<br>drochen@actslaw.com<br>dchaiken@actslaw.com<br>btreyzon@actslaw.com<br>alavine@actslaw.com |
|---|---|