**Walter M. Yoka, Bar #94536**
wyoka@yokasmith.com
**David T. McCann, Bar #115971**
dtmccann@yokasmith.com
**Alice Chen Smith, Bar #251654**
asmith@yokasmith.com
**R. Bryan Martin, Bar #221684**
bmartin@yokasmith.com
**Davida M. Frieman, Bar #232096**
dfrieman@yokasmith.com
YOKA & SMITH, LLP
445 South Figueroa St., 38th Floor
Los Angeles, California 90071
Phone:  (213) 427-2300
Fax:      (213) 427-2330

Attorneys for Defendant, NUTRIBULLET, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WENDY LITTLEFIELD, an individual, and DARRYL LITTLEFIELD, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> NUTRIBULLET, L.L.C., a California Limited Liability Corporation; <br><br> Defendants. | Case No.: 2:16-cv-06894 DDP (GJSx), and related cases <br><br> District Judge: Hon. Dean D. Pregerson <br> Magistrate: Hon. Gail J. Standish <br><br> **DEFENDANT NUTRIBULLET, LLC'S NOTICE OF MOTION AND MOTION TO ENFORCE PROTECTIVE ORDER AND STRIKE EXHIBITS AND TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Filed concurrently with NutriBullet's Request for Judicial Notice, Declaration of Alice Chen Smith, Esq.; [Proposed] Order] |

| | |
|---|---|
| **Date:** | **December 21, 2020** |
| **Time:** | **10:00 a.m.** |
| **Courtroom:** | **9C** |

Trial Date:  Not applicable
Action Filed: September 14, 2016

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 21, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9C of the above-entitled Court located at 350 West 1st Street, Los Angeles, CA 90012, defendant, NutriBullet, LLC ("NutriBullet"), will and hereby does move this Court for an order to enforce the stipulated protective order governing this case (the "*Littlefield* Protective Order").

This Motion is made on the grounds that Abir Cohen Treyzon Salo, LLP ("Abir Cohen"), counsel for Plaintiffs Wendy and Darryl Littlefield, have repeatedly violated the *Littlefield* Protective Order by improperly using Confidential Materials produced pursuant to the protective order for purposes other than the prosecution or defense of the case.  Most recently, Abir Cohen took the deposition of Paul Dean, the former Chief Financial Officer of NutriBullet's affiliated company, Capital Brands, LLC ("Capital Brands"), in the case *Kourtni Beebe v. NutriBullet, LLC*, United States Direct Court case number 2:17-cv-00828-DDP(GJSX) ("*Beebe*"). During the deposition, Abir Cohen attached two exhibits comprised of NutriBullet's tax returns, produced as Confidential Materials pursuant to the *Littlefield* Protective Order as Attorneys Eyes Only, and, over counsel's objections, proceeded to question Mr. Dean on the information contained in these confidential records, despite the fact that every page of these documents had a watermark stamp stating "CONFIDENTIAL Attorneys Eyes Only Littlefield."  These tax documents were not produced in the *Beebe* action.  Abir Cohen's violation of the *Littlefield* Protective Order was therefore not inadvertent but was instead a calculated choice to ignore the

*Littlefield* Protective Order's prohibition against the use of such Confidential Materials in any other action.

NutriBullet, LLC therefore seeks an Order from this Court as follows:

1.     Enforcing the *Littlefield* Protective Order and prohibiting Abir Cohen from using any Confidential Materials produced by NutriBullet pursuant to the *Littlefield* Protective Order in any other pending NutriBullet matter in the future.

2.     Striking Exhibits 5064 and 5065 to the October 27, 2020 deposition of Paul Dean, as their use violated the *Littlefield* Protective Order.

3.     Striking all testimony by Paul Dean related to Exhibits 5064 and 5065 or counsel's notes thereof, including the questions and responses set forth in the transcript of Mr. Dean's October 27, 2020 deposition at 49:21-58:17, 61:22-66:17, 67:11-18, 73:20-25, and 78:24-79:5.

4.     Compelling Abir Cohen to destroy all notes made in preparation of, during, or after Paul Dean's October 27, 2020, deposition related to or based upon Exhibits 5064 and 5065, and to certify their destruction, within ten (10) days from the date of this Order.

The Rule 37 meeting of counsel occurred by telephone on December 8, 2020. Counsel for all parties agreed that this motion should be heard on shortened time by Judge Pregerson with other pending motions set for hearing on December 21, 2020 subject to the Court's availability.   Plaintiff's counsel Boris Treyzon, Esq. also agreed to waive the seven-day waiting period following the meet and confer to allow Defendants to file the motion immediately.   (Declaration of Alice Chen Smith, at ¶3.)

///
///
///
///
///

1
2
3
4
5

        This Motion is based upon this notice, the attached memorandum of points and authorities, the concurrently-filed Request for Judicial Notice, the concurrently-filed Declaration of Alice Chen Smith,  all pleadings, records and documents on filed with the Court and such other oral and documentary evidence as may be presented by counsel at the hearing of this motion.

6
7
8

                                        Respectfully submitted,

DATED:  December 10, 2020          **YOKA & SMITH, LLP**

9
10
11
12
13
14

                                By: /s/   Alice Chen Smith_____
                                        Walter M. Yoka, Bar #94536
                                        R. Bryan Martin, Bar #221684
                                        Alice Chen Smith, Bar #251654
                                        Davida M. Frieman, Bar #232096
                                        Attorneys for Defendant,
                                        NUTRIBULLET, LLC

15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT NUTRIBULLET, LLC'S NOTICE OF MOTION AND MOTION TO ENFORCE
PROTECTIVE ORDER AND STRIKE EXHIBITS AND TESTIMONY

# **TABLE OF CONTENTS**

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Page(s)

I.      INTRODUCTION ........................................................................7

II.     STATEMENT OF FACTS ...........................................................9

   A. The *Littlefield* Protective Order…………………………………9

   B. Abir Cohen's Use of the Littlefield Confidential Documents…………11

   C. Abir Cohen's Prior Violation of the Littlefield and Other Protective Orders…………………………………………………..12

III.    THIS COURT HAS THE AUTHORITY TO GRANT THIS MOTION .....16

IV.     CONCLUSION ........................................................................18

DEFENDANT NUTRIBULLET, LLC'S NOTICE OF MOTION AND MOTION TO ENFORCE
PROTECTIVE ORDER AND STRIKE EXHIBITS AND TESTIMONY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Carpenter v. United States*
(1987) 484 U.S. 19, 26..................................................................17

*General Tire, Inc. v. Kepple*
970 S.W.2d 520, 527-528 ........................................................... 16

*Scott v. Monsanto Co.,*
868 F.2d 786, 791-793 (5th Cir. 1989)...................................... 16

*Smith v. BIC Corp.,*
869 F.2d 194, 200-201 3rd Cir. 1989) ...................................... 16

*United States v. O'Hagan*
(1997) 521 U.S. 642, 654..........................................................16,17

*Webb v. Standard Oil Co.*
(1957) 49 Cal.2d 509 ..................................................................17

## **STATUTES AND RULES**

Fed. R. Civ. P. § 26 (c)  .................................................................5

Fed. R. Civ. P. § 26(c)(1) ............................................................14

Section 6.1…………………………………………………………9

Sections 6.2(h) and 6.3 (g)............................................................8

## **OTHER**

Cal Form 568 ....................................................................10,11,12

DEFENDANT NUTRIBULLET, LLC'S NOTICE OF MOTION AND MOTION TO ENFORCE
PROTECTIVE ORDER AND STRIKE EXHIBITS AND TESTIMONY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Wendy and Darryl Littlefield's ("Plaintiffs") counsel, Abir Cohen Treyzon Salo, LLP ("Abir Cohen"), has brought a multitude of actions against defendant NutriBullet, LLC and its affiliated entities Capital Brands, LLC ("Capital Brands"), Homeland Housewares, LLC, Call to Action, LLC, and NutriLiving, LLC (collectively, "Defendants") in both Federal and State court over the past several years.  Recognizing the need to protect their proprietary and confidential information disclosed during the discovery process in all cases, Defendants and Abir Cohen agreed to stipulated protective orders in each case.  In reliance on those protective orders, Defendants have produced confidential business, financial, and trade secret information during the course of discovery.

Despite Abir Cohen's knowledge of the confidential and proprietary nature of the materials produced by Defendants in these matters, Abir Cohen has repeatedly violated these protective orders by refusing to comply with their terms, specifically the mandate that Defendants' Confidential Materials produced pursuant to these protective orders are to be used solely for the prosecution and defense of the actions in which they were produced, and for no other purpose.

As discussed herein, Abir Cohen's most recent affront to the stipulated protective orders occurred during the deposition of Capital Brands' former Chief Financial Officer, Paul Dean, on October 27, 2020, in the *Kourtni Beebe v. NutriBullet, LLC*, matter, United States Direct Court case number 2:17-cv-00828-DDP(GJSX) ("*Beebe*").  Defendants agreed to use a document repository and to avoid duplicative discovery and deposition.  As a result of the agreement, Defendants put together a repository of over 20,000+ documents to be used in all witness and 30(b)(6) depositions in the pending NutriBullet litigation.  Abir Cohen chose not to use any of the agreed upon exhibits from the repository but rather used and attached confidential documents from the *Littlefield* case.  These confidential

tax returns were previously produced in the *Littlefield* case subject to its Protective Order and not in any other cases.  During Mr. Dean's deposition in the *Beebe* case, Abir Cohen introduced as Exhibits 5064 and 5065 confidential tax returns produced by Defendants in *this* case pursuant to the July 28, 2017 Stipulated Protective Order (the "*Littlefield* Protective Order"), and marked "CONFIDENTIAL Attorney Eyes Only Littlefield."  This is a direct violation of the *Littlefield* Protective Order, a clear misuse of the NutriBullet Entities' confidential materials, and an abuse of the discovery process.  (Declaration of Alice Chen Smith ("Smith Decl."), at ¶14.)

There is no dispute that the tax returns used by Abir Cohen during Mr. Dean's deposition were subject to the protections afforded by the *Littlefield* Protective Order.  There is also no dispute that pursuant to the *Littlefield* Protective Order, Abir Cohen is prohibited from using such Confidential Materials for any purpose outside of the Littlefield action.  The prohibition is absolute.  There is no carveout for the "use" of Confidential Materials in discovery in any other action.  It is therefore irrelevant that the Confidential Materials at issue in this Motion were only used as exhibits in a deposition of Capital Brands' former CFO and were not distributed to third parties.  It is the "use" of the Confidential Materials outside of the *Littlefield* action that is the violation.

Plaintiffs' counsel Boris Treyzon acknowledged during the Rule 37 conference that the tax returns are privileged, but argued that the information therein is not.  Plaintiff's position with respect to the use of the tax returns is that since Mr. Dean had a role in their preparation, counsel was entitled to use them to refresh his recollection pursuant to Sections 6.2(h) and 6.3(g).  However, Plaintiff's position wholly ignores the condition precedent set in Section 6.1 of the *Littlefield* Protective Order, limiting the documents to use in the *Littlefield* action.

The obvious purpose of using the *Littlefield* Confidential Materials during Mr. Dean's deposition is to enable Abir Cohen to use the Confidential Materials from other cases, and/or the testimony elicited from Mr. Dean based on those materials,

in the prosecution of the *Beebe* case and other pending cases against these Defendants.  In fact, most of the testimony elicited from Mr. Dean was confirming the dollar amounts of NutriBullet's revenue and expenses for the 2014 and 2015 taxable years, thereby ensuring that even if the documents themselves are not admitted as evidence, their content would be admissible through Mr. Dean.  This is nothing more than an end run around the protections established by the *Littlefield* Protective Order, which is to protect the <u>content</u> of the Confidential Materials.

Further, while the parties to the current NutriBullet actions have created a repository of over 20,000+ documents and other items to be used across the pending Federal cases, there is no agreement in place to use any document production from the *Littlefield* matter.  Indeed, as of the filing of this Motion, there is *no* agreement by Defendants to include the confidential tax documents used during Mr. Dean's deposition in the repository.

Put simply, Abir Cohen cannot use the discovery process as a tool to violate the *Littlefield* Protective Order.  Defendants therefore seek an Order from this Court enforcing the *Littlefield* Protective Order, and prohibiting Abir Cohen from using any Confidential Materials produced by Defendants pursuant to the *Littlefield* Protective Order (including without limitation Defendants' confidential tax returns attached as exhibits to Mr. Dean's deposition) in the future.  Defendants further seek an order striking the offending exhibits, and all testimony elicited therefrom, from Mr. Dean's deposition transcript, and an order that counsel to destroy any notes he created from Defendants' confidential records.

## II.   STATEMENT OF FACTS

### A. The *Littlefield* Protective Order

On July 28, 2017, this Court entered a Protective Order in this action.    As is relevant to the present motion, the *Littlefield* Protective Order provides:

> 6.1   <u>Basic Principles.</u>   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action **only for prosecuting, defending, or attempting to settle**

**this Action** unless another use is authorized by this Order or required by Federal statute or regulation applicable to Plaintiffs…..

(*See* the *Littlefield* Protective Order, attached as **Exhibit 1** to Defendants' Request for Judicial Notice ("RJN"), at ¶6.1.)

The *Littlefield* Protective Order further provides a procedure for any party to challenge the designation of any material as "confidential"; and to require the return of all Confidential Material upon the request of the producing party, including "all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the "Confidential Materials." (**Exhibit 1** to RJN, at ¶¶5.1, 12.) While the receiving party is entitled to keep an archival copy of "pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product" that contains Confidential Materials, such archival copies remain subject to the Protective Order. (**Exhibit 1** to RJN, at ¶12.) Plaintiff's counsel's position is that they are entitled to use the archival copy or counsel's notes for purposes of the pending NutriBullet litigation. This is contrary to the terms of the Protective Order.

Pursuant to, and in reliance upon, the protections afforded by the *Littlefield* Protective Order, NutriBullet produced a number of documents and testing videos, including the subject NutriBullet, LLC's California Form 568 for the 2014 and 2015 taxable years. The 2014 Form 568 was Bates stamped Littlefield NB 4999 to Littlefield NB 5012. The 2015 Form 568 was Bates stamped Littlefield NB 5013 to Littlefield NB 2023. Each page of the 2014 and 2015 Form 568 bears a red, diagonal watermark across the page that states "CONFIDENTIAL Attorney Eyes Only re Littlefield." (See Smith Decl., at ¶4, and **Exhibit 1** thereto.)

The *Littlefield* action was dismissed on May 9, 2019. (Smith Decl., at ¶5.) However, pursuant to paragraph 12 of the *Littlefield* Protective Order, the

confidentiality protections remain in effect for any and all Confidential Material produced in the action.

### B. Abir Cohen's Use of the Littlefield Confidential Documents

On October 27, 2020, Boris Treyzon, Esq., of Abir Cohen took the remote deposition of former Capital Brands CFO, Paul Dean, in the *Beebe* action.  Alice Chen Smith, Esq., of Yoka & Smith, and Jeffrey Stoltz, Esq., of Lewis Brisbois, defended Mr. Dean's deposition.  (Smith Decl., at ¶6.)

During the deposition, Mr. Treyzon marked the 2014 Form 568 as Exhibit 5064, and used a screen sharing function in Zoom to share the document on his screen with the deponent.  Using the Exhibit as a guide, Mr. Treyzon asked numerous questions regarding the dollar amount of NutriBullet's revenue, costs of goods sold, gross and net sales receipts, management fees, media expenses, and other categories gleaned directly from the 2014 Form 568.  (Smith Decl., at ¶7, and **Exhibit 2** thereto, at 49:21-57:1.)  Due to technical difficulties, Ms. Smith and Mr. Stoltz were unable to see the document Mr. Treyzon was sharing with Mr. Dean.  The parties went off the record to fix the technical glitch, and upon return, Ms. Smith objected to the use of Exhibit 5064 as follows:

> So counsel, previously I for whatever reason couldn't access Exhibit 5064 which has been marked.  And now that I see the exhibit, I see that it was a document marked and produced as attorneys eyes only in the matter.  The defendants object to its use in the Beebe and subsequent matters for which we're pending here today as it's not covered by these protective orders and Defendants' position is that Plaintiff is in violation of the Littlefield protective order in using this in the Beebe matter.  I am going to make a motion to strike all of Mr. Dean's testimony regarding this document and also object to attaching this document to this deposition transcript.

(Smith Decl., a ¶8 and **Exhibit 2** thereto, at 57:2-58:17.)

Mr. Dean's deposition proceeded, and Mr. Treyzon then asked questions regarding NutriBullet's 2015 revenues, referring to his "notes" that had the specific dollar amount on them, information which could have only come from the 2015 Form 568 produced in the *Littlefield* action.  (Smith Decl., a ¶9 and **Exhibit 2** thereto, at 61:22-62:5.)  Defendants' in-house counsel, Mark Suzumoto, Esq., who was also in attendance at the deposition, and Ms. Smith objected to Mr. Treyzon's question as violating the *Littlefield* Protective Order, as the information that formed the basis of Mr. Treyzon's question was derivative of Defendants' Confidential Materials (the 2015 California Form 568).  (Smith Decl., a ¶10 and **Exhibit 2** thereto, at 62:6-18.)  Mr. Treyzon then introduced the 2015 Form 568 return as Exhibit 5065.  (Smith Decl., a ¶11 and **Exhibit 2** thereto, at 62:19-63:16.)  Ms. Smith objected to the introduction of the document as an exhibit as a violation of the *Littlefield* Protective Order, and instructed Mr. Dean not to answer questions based on the confidential document, although Mr. Dean was permitted to respond to questions that were not based on Defendants' Confidential Materials from *Littlefield*.  (Smith Decl., at ¶12 and **Exhibit 2** thereto, at 63:17-66:17.)  However, Mr. Treyzon again referred to his "notes" that contained specific dollar amounts which is again information which could have only come from the 2015 Form 568 produced in the *Littlefield* action.  (Smith Decl., at ¶13 and **Exhibit 2** thereto, at 67:11-18, 73:20-25, and 78:24-79:5.)

## C. Abir Cohen's Prior Violation of the Littlefield and Other Protective Orders

Abir Cohen's unauthorized use of Defendants' Confidential Material in violation of the *Littlefield* Protective Order is just the latest example in its inability to comply with its obligations under the various protective orders entered by this and other Courts, requiring Defendants' attorneys to continually police compliance.  During the pendency of the *Littlefield* action, Defendants' former counsel inadvertently produced testing videos to Abir Cohen without designating the videos

as "confidential" or entering into a protective order in response to discovery in the action, *Lambros v. NutriBullet LLC, et al.*, Los Angeles Superior Court case number BC619705 (the "*Lambros* videos").  Despite knowing that NutriBullet considered its testing videos as Confidential Material (as similar testing videos that had been produced as "confidential" to Abir Cohen in *Littlefield*), Abir Cohen took full advantage of the obvious error by providing copies of the confidential videos to at least one media outlet (KTTV FOX 11 News).  Upon learning of this, NutriBullet moved for a temporary restraining order and preliminary injunction to preclude Abir Cohen from further distribution of the confidential testing material.  (**Exhibit 2** to RJN.)  At the May 3, 2018 injunction hearing in the *Lambros* matter, Mr. Treyzon agreed that his firm would not further disseminate the confidential testing materials. (**Exhibit 3** to RJN, at p. 18.)  The parties subsequently entered into a Stipulated Protective Order, entered as an order by the Court on May 21, 2018 (the "*Lambros* Protective Order").  The *Lambros* Protective Order retroactively applied to the materials inadvertently produced, and expressly limited the use of all such Confidential Materials to the prosecution and defense of the *Lambros* Action only. (**Exhibit 4** to RJN, at ¶¶13, 17.)

In 2019, Defendants learned that Abir Cohen continued to violate both the *Littlefield* and *Lambros* Protective Orders by posting on its website the Fox 11 news segments that included excerpts from Defendants' confidential testing videos, and further learned that one of Abir Cohen's clients, Kourtni Beebe, posted on her Instagram account a link to an interview she gave to the *Daily Mail* about her case, which also included excerpts from Defendants' confidential testing videos.  Shortly after learning of these violations, Defendants filed motions in both Federal and State court to enforce the *Littlefield* and *Lambros* Protective Orders. (**Exhibits 5** and **6** to RJN.)

On July 3, 2019, Magistrate Judge Suzanne Segal in the *Beebe* case ordered Abir Cohen to remove the Fox 11 News segments from its website, and ordered

Kourtni Beebe to remove the link to the *Daily Mail* interview from her Instagram account, concluding it was a misuse of Defendants' confidential videos. (**Exhibit 7** to RJN.) However, Judge Segal denied Defendants' request for an Order precluding Abir Cohen's use of the *Littlefield* Confidential Materials as unnecessary, as there was no evidence that Abir Cohen had attempted to use such materials in other actions. (**Exhibit 7** to RJN, at 26:10-14.) Judge Segal therefore concluded that there was no evidence that the provisions in the *Littlefield* Protective Order restricting the use of such Confidential Materials were "insufficient to protect Defendant's interests." (**Exhibit 7** to RJN, at 27:14-20.) As discussed above, Abir Cohen's improper use of Defendants' Confidential (and indeed "Attorneys Eyes Only") Materials in Mr. Dean's October 27, 2020 deposition, evidences why such an Order is necessary.

On November 22, 2019, Superior Court Judge Mark A. Young granted NutriBullet's motion to enforce the *Lambros* Protective Order, and, among other things, ordered Abir Cohen to return Defendants' confidential materials, or certify their destruction, within ten (10) days of the date of the Order. (**Exhibit 8** to RJN.) As of the filing of this Motion, Abir Cohen still has not returned the *Lambros* confidential testing videos or certified their destruction.

More recently, Abir Cohen again violated the *Littlefield* and *Lambros* Protective Orders, as well as May 15, 2018 protective order entered by this Court in the *Beebe* case (the "*Beebe* Protective Order"), and the January 7, 2020, protective order entered in in *Johana Suarez v. NutriBullet, LLC et al.*, U.S. District Court for the Central District of California case number 2:17-cv-09161-DDP (SSx). Like the *Littlefield* and *Lambros* Protective Orders, the *Beebe* and *Suarez* Protective Orders limit the use of Defendants' Confidential Materials to the prosecution and defense of those actions only. (*See* the *Beebe* Protective Order, **Exhibit 9** to RJN, at ¶6.1; the *Suarez* Protective Order, **Exhibit 10** to RJN, at ¶13.) In reliance on the protections afforded by the *Beebe* and *Suarez* Protective Orders, Defendants again

produced a number of documents and other items marked as Confidential Materials subject to the respective protective orders.

On or about July 2, 2020, Abir Cohen propounded Requests for Admissions in approximately 66 pending State and Federal NutriBullet cases. Attached as exhibits to these Requests were various materials for which Plaintiffs sought an admission of the item's authenticity and admissibility. Many of those requests included Confidential Materials previously produced by Defendants in the *Littlefield, Lambros, Beebe* and *Suarez* actions in direct violation of the Protective Orders in those cases. Given that some of those confidential materials were previously produced in *Beebe* and covered by the *Beebe* Protective Order entered by this Court, Defendants provided responses in the Federal matters, and moved for a Protective Order in the State court matters only, seeking an Order from the Court that Defendants need not respond to such requests. (**Exhibit 11** to RJN.) On September 17, 2020, State Court Judge Amy Hogue granted Defendants' Motion, stating in pertinent part:

> [I]n the Court's view Defendants nevertheless show 'good cause': honoring the terms of the *Lambros, Littlefield, Beebe* and *Suarez* protective orders that limit confidential document use to prosecuting and defending those respective cases only. Plaintiffs' re-use of the documents in this [*sic*] case may have been more efficient and may not have yet resulted in the documents being disseminated to third parties, but it was prohibited by the language in the respective protective orders. The Court in *Lambros* specifically prohibited Plaintiffs from using documents outside of *Lambros* and, as Defendants note, answering Plaintiffs' RFAs may result in confidential documents being disseminated to Plaintiffs' third-party experts and consultants without protections in place governing the documents' use. The Court cannot simply ignore Plaintiffs' violation of previous protective orders. The Court therefore finds Defendants have made a showing [of] good cause for a protective order in this case.

DEFENDANT NUTRIBULLET, LLC'S NOTICE OF MOTION AND MOTION TO ENFORCE
PROTECTIVE ORDER AND STRIKE EXHIBITS AND TESTIMONY

(**Exhibit 12** to RJN, at 5:23-6:5.)

As the above illustrates, Abir Cohen has repeatedly ignored its obligations under the Stipulated Protective Orders entered by this and other Courts in pursuit of its "win at all costs" litigation strategy.  Defendants therefore have no choice but to seek Court intervention to enforce the provisions of the *Littlefield* Protective Order and strike the record in the Deposition of Paul Dean.

## III.   THIS COURT HAS THE AUTHORITY TO GRANT THIS MOTION

Federal Rule of Civil Procedure, Rule 26(c)(1), which governs the issuance of protective orders in the discovery process, provides in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way …."  Fed. R. Civ. P. 26(c).

Courts across the country recognize that protective orders play a key role in the discovery process to facilitate efficient discovery while protecting the unauthorized disclosure and use of a litigant's confidential information.  (*See Scott v. Monsanto Co.*, 868 F.2d 786, 791-793 (5th Cir. 1989) (affirming protective order entered into in products liability action); *Smith v. BIC Corp.*, 869 F.2d 194, 200-201 (3rd Cir. 1989) (remanding for entry of order protecting manufacturer defendant's confidential information during discovery in protects liability case); *General Tire, Inc. v. Kepple,* 970 S.W.2d 520, 527-528 (Tex. 1998) (reversing and remanding for reentry of order protecting against disclosure of tire manufacturer's confidential information).)  As this Court previously recognized, "As a general matter, the court that issues a protective order retains jurisdiction to enforce it, even after the case has closed."  (**Exhibit 7** to RJN, at 22:12-23:2, and cases cited therein.)

"Confidential business information has long been recognized as property." (*Carpenter v. United States* (1987) 484 U.S. 19, 26; *see also United States v.*

- 16 -

*O'Hagan* (1997) 521 U.S. 642, 654 ("A company's confidential information, we recognized in *Carpenter*, qualifies as property to which the company has a right of exclusive use.")) In addition, tax returns have long been viewed as protected documents. (*Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509.) The fact that these tax returns were previously produced subject to the *Littlefield* Protective Order does not entitle Plaintiffs' counsel to continue using them. Protective orders play a key role in protecting a party's confidential information from misuse and public disclosure, while facilitating the discovery process. However, it goes without saying that protective orders only work if they are complied with, and, if violated, the party violating the terms of the protective order is held to account by the issuing Court.

Here, the *Littlefield* Protective Order is clear and unambiguous: confidential materials produced pursuant to the Protective Order can only be used in the defense and prosecution of the *Littlefield* case, and for no other purposes. Moreover, the protections afforded by the *Littlefield* Protective Order survive the case's termination, and thus were in full force and effect during Mr. Dean's deposition. The Confidential Materials did not, as Abir Cohen presumes, become Abir Cohen's property, and the obligations under the *Littlefield* Protective Order did not disappear, simply because Abir Cohen has several cases pending against Defendants.

Yet, this is precisely what Abir Cohen apparently believes. As set forth in detail above, Abir Cohen has repeatedly attempted to strip Defendants of the property rights in their confidential business documents by using Defendants' Confidential Materials in any case they want and for any purpose they see fit. They did this in 2018 and 2019 by purposefully disclosing NutriBullet's confidential testing videos to Fox 11 News, and then posting both the news segments and links to the segments on their website, thereby putting their own business and financial concerns above compliance with orders of this and other Courts. In 2020, Abir Cohen again chose to ignore its obligations under the *Littlefield, Lambros, Beebe* and *Suarez* Protective Orders by attaching Confidential Materials produced in those

actions to Requests for Admissions served in approximately 66 other state and federal cases.

Time and again, Abir Cohen has attacked the validity of the Protective Orders and the authority of the Court through various means in the hopes of doing away with any and all restrictions on the use and disclosure of Defendants' Confidential Materials. However, Abir Cohen's use of discovery procedures, such as Requests for Admissions or depositions, to undermine the Protective Order is insidious and improper.

Regardless of the methods employed by Abir Cohen, a violation is a violation. The *Littlefield* Protective Order is clear and unambiguous – Abir Cohen is prohibited from *using* Defendants' Confidential Materials for *any purpose* outside of the *Littlefield* action. There is no discovery exception to the prohibition, nor is there an exception for reading the content of the Confidential Materials into the record, as Mr. Treyzon did during Mr. Dean's deposition. Rather, Abir Cohen's *use* of NutriBullet's confidential tax documents and the information contained therein during Mr. Dean's deposition in the *Beebe* case, in-and-of-itself, violated the *Littlefield* Protective Order, and Abir Cohen should be held to account for the violation. As such, NutriBullet requests that this Court grant the relief requested in this Motion, and enforce the terms of the *Littlefield* Protective Order.

## IV.   CONCLUSION

For each of the foregoing reasons, Defendant NutriBullet, LLC respectfully requests that this Court issue an Order (a) enforcing the *Littlefield* Protective Order, and prohibiting Plaintiffs' attorneys, Abir Cohen Treyzon Salo, LLP, from using any Confidential Materials produced by Defendants pursuant to the *Littlefield* Protective Order (including without limitation Defendants' confidential tax documents attached as exhibits to Mr. Dean's deposition) in the future; (2) striking Exhibits 5064 and 5065 to the October 27, 2020 deposition of Paul Dean, as their use violated the *Littlefield* Protective Order; (3) striking all testimony by Paul Dean during his

October 27, 2020 deposition arising out of or related to Exhibits 5064 and 5065, including the questions and responses set forth in the transcript of Mr. Dean's October 27, 2020 deposition at 49:21-58:17, 61:22-66:17, 67:11-18, 73:20-25, and 78:24-79:5; and (4) compelling Abir Cohen to destroy all notes made in preparation of, during, or after Paul Dean's October 27, 2020 deposition related to or based upon Exhibits 5064 and 5065.

                              Respectfully submitted,

DATED:  December 10, 2020     **YOKA & SMITH, LLP**


                              By: /s/   Alice Chen Smith
                                  Walter M. Yoka, Bar #94536
                                  R. Bryan Martin, Bar #221684
                                  Alice Chen Smith, Bar #251654
                                  Davida M. Frieman, Bar #232096
                                  Attorneys for Defendant,
                                  NUTRIBULLET, LLC

DEFENDANT NUTRIBULLET, LLC'S NOTICE OF MOTION AND MOTION TO ENFORCE
PROTECTIVE ORDER AND STRIKE EXHIBITS AND TESTIMONY