O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY LITTLEFIELD, an individual and DARRYL LITTLEFIELD, an individual<br><br>Plaintiffs,<br><br>v.<br><br>NUTRIBULLET, L.L.C., a California Limited Liability Company et al.,<br><br>Defendants. | Case No.  2:16-cv-06894-DDP (SSx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER AND STRIKE EXHIBITS AND TESTIMONY**<br><br>[Dkt. 239] |

Presently before the court is Defendants' Motion to Enforce Protective Order and Strike Exhibits and Testimony.  (Dkt. 239.)  Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**II. DISCUSSION**

The court assumes the parties' familiarity with the background of this case. Relevant here, the court entered a Protective Order in this action on July 28, 2017.  (Dkt. 53, ("*Littlefield* Protective Order").)  Defendants presently move to enforce the *Littlefield* Protective Order contending that Plaintiffs' counsel, Boris Treyzon, Esq., violated the

*Littlefield* Protective Order by using confidential attorneys eyes only documents that were produced in this action during the remote deposition of former Capital Brands Chief Financial Officer, Paul Dean ("Dean") in the *Beebe v. Nutribullet et al.* action.  (Dkt. 239, Mot.)  Plaintiffs' counsel does not dispute that he used protected material subject to the *Littlefield* Protective Order during the Dean deposition.  Counsel argues that his use of the protected material was permitted because the deposition was "confidential and subject to a protective order" under the *Beebe* action, the *Littlefield* Protective Order permitted disclosure of protected material to parties who knew the information contained in the documents, and counsel allegedly only used the documents to refresh Dean's memory.  (Dkt. 242, Opp.)

The *Littlefield* Protective Order provides that a "Receiving Party may use Protected Material that is disclosed or produced by another Party . . . in connection with *this Action* only for prosecuting, defending, or attempting to settle *this Action* unless another use is authorized by this Order or required by federal statute or regulation applicable to Plaintiffs."  (Protective Order ¶ 6.1 (emphasis added).)  The *Littlefield* Protective Order provides the limited circumstances in which a receiving party may use protected material produced in this action—none of those circumstances are applicable here.  (*See* Protective Order ¶¶ 6.1-7.)  There is no provision supporting counsel's position that protected material subject to the *Littlefield* Protective Order may be used in a deposition in a separate action regardless of whether that deposition is confidential under a separate protective order.  Similarly, there is no provision permitting a receiving party to use protected material to refresh a deponent's recollection in a separate action.

Paragraph 6.3, relied on by Plaintiffs' counsel, must be read together with Paragraph 6.1.  Paragraph 6.1 provides that a receiving party may use protected material "only for prosecuting, defending, or attempting to settle this action . . . ."  (*Littlefield* Protective Order ¶ 6.1.)  Paragraph 6.1 goes on to provide that "[s]uch Protected Material may be disclosed only to the categories of persons and under the conditions described in

2

1  this Order." (*Id.*) Paragraph 6.3 describes the permissible categories of persons and
2  conditions, including "the author or recipient of a document containing the information
3  or a custodian or other person who otherwise possessed or knew the information."
4  (*Littlefield* Protective Order ¶ 6.3(g).) Accordingly, a receiving party may disclose
5  protected material to a person with knowledge of the information only for prosecuting,
6  defending, or attempting to settle *this action*—not a separate action.

7      Absent a court order or an applicable provision in the *Littlefield* Protective Order,
8  Plaintiffs' counsel may not use protected material subject to the *Littlefield* Protective
9  Order for any purpose in a separate action. Because there was no court order or
10 provision authorizing Plaintiffs' counsel's use of the protected material in the Dean
11 deposition, counsel violated the *Littlefield* Protective Order.

12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

3

### III. CONCLUSION

For the reasons set forth above, the court grants Defendants' motion and orders as follows:

1. Absent court approval or written agreement between the parties, counsel for Plaintiffs, Abir Cohen Treyzon Salo, LLP, is prohibited from using any Confidential Materials produced by NutriBullet pursuant to the *Littlefield* Protective Order in any other pending NutriBullet matter in the future;

2. Exhibits 5064 and 5065 to the October 27, 2020 deposition of Paul Dean are hereby stricken, as their use violated the *Littlefield* Protective Order;

3. All testimony by Paul Dean from his October 27, 2020 deposition related to Exhibits 5064 and 5065, is hereby stricken, including the questions and responses set forth in the transcript of Mr. Dean's October 27, 2020 deposition at 49:21-58:17, 61:22-66:17, 67:11-18, 73:20-25, and 78:24-79:5.

Further, as set forth in the record, the court orders the parties to select a date for the resumption of the Dean deposition as soon as practicable.

**IT IS SO ORDERED.**

Dated: December 30, 2020

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE